UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-300 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| ROBERTO SANCHEZ-JIMENEZ, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Roberto Sanchez-Jiminez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 87).  The government has filed a response in opposition.  (ECF No. 90).

**I.   Facts**

On April 7, 2015, petitioner pled guilty to count one of the indictment (ECF No. 12) for possession of a controlled substance with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).  The plea agreement included, *inter alia*, a waiver of the right to appeal his conviction and sentence, except an upward departure, and all non-waivable claims of ineffective assistance of counsel.  (ECF No. 74).

On July 7, 2015, the court sentenced petitioner to 120 months custody, followed by five (5) years supervised release.  (ECF No. 75).  Petitioner was advised of his rights to file an appeal. (ECF No. 75).  The court entered judgment on July 8, 2015.  (ECF No. 76).  Petitioner filed an appeal (ECF No. 78), but later voluntarily dismissed the appeal (ECF No. 84).  Petitioner was represented by Michael Pandullo, Esq.

In the instant motion, petitioner moves to vacate arguing ineffective legal counsel.  (ECF No. 87).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

To prevail on a claim of ineffective assistance of counsel, the petitioner must show deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

**James C. Mahan**
**U.S. District Judge**

would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

Petitioner argues that his attorney provided no legal advice or defenses on his behalf. (ECF No. 87 at 4–5). Petitioner maintains that "because of the same poor legal counsel, [his] appeal was dismissed." (ECF No. 87 at 5).

In response, the government contends that petitioner affirmed at the change-of-plea hearing that he met with his attorney and discussed his case and that he was satisfied with Pandullo as his attorney. (ECF No. 90 at 4). Moreover, the government argues that petitioner provided no support for his allegation that his attorney "made" him sign a petition for dismissal of his appeal. (ECF No. 90 at 5). The court agrees.

Petitioner's motion fails to show deficient performance and prejudice as required to prevail on a claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687. In particular, petitioner summarily alleges that Pandullo provided no legal advice and that petitioner "did not get any defense from him." (ECF No. 87 at 5). However, petitioner provides no facts to support his allegations that Pandullo's performance was deficient or that petitioner was prejudiced as a result. Moreover, petitioner points to no evidence in the record to support his allegations.

Because the record "conclusively shows" that petitioner is not entitled to relief, no evidentiary hearing is required. Where a § 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit has recognized that where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, no evidentiary hearing is required. *United States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir. 1989) (quotations omitted).

Furthermore, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

**James C. Mahan**
**U.S. District Judge**

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
>> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>>
>>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>>
>>> (B) the final order in a proceeding under section 2255.
>>
>> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>>
>> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

In light of the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

James C. Mahan
U.S. District Judge

- 4 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that is petitioner Roberto Sanchez-Jiminez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 87) be, and the same hereby is, DENIED.

DATED September 9, 2016.

_____
UNITED STATES DISTRICT JUDGE